ERVIN, Justice,
dissenting.
Count One alleges that in an application for a chauffeur’s license defendants Joaquin Cruz (the Respondent), Jose Ramon Molina, Jose Manuel Calas and Cira Olga Montano unlawfully committed a fraud in that they did receive or agree to receive a cash payment from an applicant, Jorge Pal-ma, whose true name is Jorge R. Staphy-laris, for a chauffeur’s license in exchange for the applicant’s passing the driver’s examination or test as provided in F.S. § 322.-12, F.S.A., despite the fact said applicant might fail said examination, in violation of F.S. § 322.32(5), F.S.A.
Section 322.32(5) reads in part:
“(5) To use a false or fictitious name in any application for an operator’s or chauffeur’s license, or to knowingly make a false statement, or to knowingly conceal a material fact, or otherwise commit a fraud in any such application.”
It is alleged in Count One that in the application the applicant is stated to be Jorge Palma but his true name is Jorge R. Staphylaris. The materiality of this discrepancy in the true name of the applicant in the application may be shown by the State’s evidence to amount to a fraudulent violation of § 322.32(5), since it is coupled with the allegation said applicant made a cash payment to the four defendants in exchange for his passing the driver’s examination.
The State in its brief points out that the trial court which quashed Count One assumed a driver’s license examiner would not have occasion to fill out any portion of an application for a chauffeur’s license, but that such assumption is unwarranted.
It is common knowledge driver’s license examiners assist in making out and filling in applications and attest in the application whether the applicant passes the examination. Driver’s and chauffeur’s application forms prescribed by F.S. § 322.08, F.S.A., are filled in and certified to by both an inside examiner and an outside examiner. *885 The Driver’s Handbook of the Department of Public Safety, as well as the application form, indicates a chauffeur’s examination is -quite comprehensive and covers a wide range of subjects, a few of which are: traffic laws, rules of the road, traffic safety, use of equipment, vision tests, knowledge of traffic signals, special rules regarding trucks with specific loads, driving ability, use of brakes of all types. See F.S. § 322.12, F.S.A.
Section 322.32(5) makes it a misdemeanor for any person, not merely an applicant, to make a false statement in an application. It has long been considered a misdemeanor for anyone to commit a fraud or to make a false statement in a driver’s license application. See Biennial Report of the Attorney General, 1957-1958, 057-246, pp. 292 and 293, concerning the sub j ect.
The foregoing considered, Count One alleges the four defendants committed a fraud in the application by evidencing thereon that the applicant passed the examination as provided by § 322.12 in consideration of a cash payment, despite the fact the applicant might fail the test. F.S. Section 322.32 (5), F.S.A., in broad language makes it a misdemeanor “to knowingly make a false statement, or to knowingly conceal a material fact, or otherwise commit a fraud in any such application.” In simple language, Count One charges a fraud was committed in the application by the defendants showing therein the applicant passed the driver’s test as required by F.S. § 322.12, F.S.A. in consideration of the cash payment.
It appears to me the State should have opportunity to present evidence to prove (1) whether the application reflected a fraud with respect to concealment of the true name of the applicant since it is coupled with the allegation he made a cash payment to the four defendants in exchange for a passing grade, and (2) whether the application as filled in by the four defendants falsely reflected the applicant passed the driver’s examination in exchange for the cash payment, irrespective of whether he passed it or not.